■ ELLANORE S. ARNOLD et al., as Trustees under Indenture of Trust of ELLANORE S. ARNOLD et al., Appellants-Respondents, v. CHARLES P. RYAN et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. INVESTORS DIVERSIFIED SERVICES, INC., Third-Party Defendant-Respondent; BURLINGTON INDUSTRIES, INC., Additional Third-Party Defendant.— Resettled order, entered March 12, 1965, and judgment, entered April 20, 1965 thereon, granting defendants' motion for partial summary judgment and denying plaintiffs' cross motion for partial summary judgment, except to the extent of granting partial summary judgment to plaintiffs for $4,663.07, unanimously affirmed on the law, with $50 costs to defendants-respondents. Neither the documents nor the circumstances involved establish that landlord was required to make a demand as a prerequisite to recovery on the covenant to repair. Special Term's decision, to the extent that it was premised on the need for such a demand, was incorrect. But the decision's conclusion that no recovery could be had on the covenant to repair is nevertheless correct. The right to sue for a prior breach of the covenant runs with the reversion and would have accrued to the grantee, who took subject to the lease, not to plaintiffs. Moreover, the

right by anyone to sue on the covenant for such a breach was lost when a subsequent grantee took free of the lease. (See 2 New York Law of Landlord and Tenant, § 939 and cases cited.) Order entered January 11, 1965, granting defendants' motion for partial summary judgment and denying plaintiffs' cross motion for partial summary judgment, except to the extent of granting partial summary judgment to plaintiffs for $4,663.07, unanimously affirmed, without costs or disbursements to any party, on the memorandum in appeal decided herewith. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.